# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2022

Lyle W. Cayce
Clerk

No. 21-60406

Maria Luisa Casco-George,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of the Order of the
Board of Immigration Appeals
Agency No. A215 765 587

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:*

Maria Luisa Casco-George, a native and citizen of Honduras, has petitioned for review of the Board of Immigration Appeal's (BIA) decision dismissing her appeal from an order of the immigration judge denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Casco-George contends that the

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

evidence shows that her membership in the following particular social groups (PSGs) was at least one central reason for her persecution: "single Honduran women with successful shops," "single mothers in Honduras living under the control of gangs," and "[m]embers of the Casco-George family."[1] Both asylum and withholding-of-removal applicants have the burden to show a nexus between the alleged persecution and membership in a PSG. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019).

Casco-George cannot show the required nexus. The BIA found, and substantial evidence supports, that Casco-George's persecutors were not motivated to harm her for membership within her proposed PSGs. Instead, personal interest and private criminality motivated Casco-George's persecutors. Because neither personal interest nor private criminality can establish the required nexus under our caselaw, Casco-George has failed to demonstrate that a reasonable factfinder would be compelled to conclude that her membership in either of her proposed PSGs was one central reason for any persecution suffered or feared. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Because the nexus issue is dispositive of Casco-George's asylum and withholding of removal claims, *see Gonzales-Veliz*, 938 F.3d at 224, we need not reach her arguments on the cognizability of her purported PSGs and persecution issues, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

---

[1] Casco-George does not raise her claim seeking asylum based on membership in a PSG comprised of "single mothers in Honduras with children sought to be recruited by gangs." The claim is thus deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

Casco-George's remaining arguments are unavailing. She abandoned her CAT claim by failing to argue it in her initial appellate brief challenging the BIA's denial of the claim. *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012) (per curiam). We lack jurisdiction to consider whether the BIA failed to provide a sufficiently reasoned basis for its decision because this argument is unexhausted. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 359-60 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1). And Casco-George's due process argument fails because she has not shown substantial prejudice. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). Accordingly, the petition for review is DENIED in part and DISMISSED in part.